JUSTICE LEAPHART,
dissenting.
I dissent with regard to the breach of contract claim. The Court treats Owens’ claims as collateral attacks upon our holding in Bache I in which we held that the Buy/Sell Agreement, Contract for Deed and Certificate of Survey, created a valid easement in favor of Bache. The fact that these instruments created a valid easement as of the time of closing, however, does not preclude a claim that such an easement was not contemplated by the original Buy/Sell Agreement which provided that Baches would convey the property “free of all liens and encumbrances except those described in the title insurance section of this agreement.” The title insurance section of the Agreement provided that Baches would convey title free and clear of all liens and encumbrances except easements of record. When the Agreement speaks of easements “of record,” there is an ambiguity as to time; that is, “of record” as of when. Despite the fact that Baches’ easement was “of record” as of the date of the closing, there is a genuine issue of material fact as to whether, in signing the Agreement, the parties only contemplated easements of record as of the April 1988 date of the Agreement as opposed to an easement which was recorded on July 6th, two days before the closing. When there is an ambiguity in the contract, the intent becomes a question for the jury. Klawitter v. Dettman (1994), 268 Mont. 275, 281, 886 P.2d 416, 420; see also Johnson v. Nyhart (1995), 269 Mont. 379, 387, 889 P.2d 1170, 1174. I would reverse the summary judgment as to breach of contract and remand for trial on that issue.
JUSTICES GRAY and NELSON join in the foregoing dissent.